**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 19 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELLIOT MCGUCKEN, Dr., an individual,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>VALNET, INC., a Canadian Corporation, individually doing business as TheTravel.com,<br><br>　　　　Defendant - Appellee. | No. 24-511<br><br>D.C. No.<br>2:23-cv-06753-JLS-SSC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted November 6, 2024**
Pasadena, California

Before: W. FLETCHER and CALLAHAN, Circuit Judges, and MÁRQUEZ, District Judge.***

　　　Appellant, Dr. Elliot McGucken, is a landscape photographer. Appellee,

---

　　* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

　　*** The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

Valnet, Inc., owns and operates the website "www.thetravel.com." McGucken alleges that Valnet violated his copyrights in 36 photographs when Valnet embedded McGucken's Instagram posts on its site. Because McGucken's claims are foreclosed by controlling precedent, we affirm the district court's Rule 12(b)(6) dismissal of McGucken's complaint.

McGucken filed a complaint alleging (1) direct copyright infringement; and (2) contributory and/or vicarious copyright infringement. Citing this Court's "Server Test," Valnet filed a Rule 12(b)(6) motion to dismiss. Valnet argued that because the "Subject Photographs, though appearing on Valnet's website, were not actually copied or hosted by Valnet," McGucken's direct infringement claim failed as a matter of law. Valnet argued further that because there were no plausible allegations of direct infringement, McGucken's contributory and vicarious liability claims also failed. The district court granted Valnet's motion to dismiss.

On appeal, McGucken argues that the district court erred in its application of the Server Test. In the alternative, McGucken argues that the Server Test should be overruled or substantially cabined. Both arguments fail.

The Copyright Act promises creators the exclusive right "to display the copyrighted work publicly." 17 U.S.C. § 106(5). To infringe the exclusive right to display, an unauthorized party must "show a copy of [the work], either directly or

by means of a film, slide, television image, or any other device or process." 17 U.S.C. § 101.

In *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007), we established what has become known as the Server Test to determine when a website infringes a copyright owner's display right. 508 F.3d 1146 (9th Cir. 2007). In that case, Perfect 10 sued Google and Amazon for allegedly infringing copyrighted photographs. *Id.* at 1154. Google and Amazon had both embedded references to photographs owned by Perfect 10 on their websites. *Id.* at 1156, 1175. Perfect 10 insisted that these embedded references directly violated its display and distribution rights under the Copyright Act. *Id.* at 1159. We disagreed.

We wrote that "based on the plain language of the statute, a person displays a photographic image by using a computer to fill a computer screen with a copy of the photographic image fixed in the computer's memory." *Id.* at 1160. Therefore, embedded or "in-line linked images that appear on a user's computer screen" do not directly infringe the display right. *Id.* We held that Perfect 10's display rights were not violated because Amazon and Google did not host and transmit the images, but instead, merely embedded them. *Id.* at 1162. Sixteen years later, we affirmed the continued relevance of the Server Test in *Hunley v. Instagram*, 73 F.4th 1060 (9th Cir. 2023).

Because Valnet's website contained only embedded references to McGucken's Instagram posts, Valnet never displayed or distributed copies of the works to anyone on the internet. Thus, under the Server Test Valnet did not infringe McGucken's display rights.

McGucken suggests that the Server Test "should be cabined to use in the search-engine context." This argument was considered and rejected in *Hunley*. As we explained, "in articulating the Server Test, *Perfect 10* did not rely on the unique context of a search engine" but instead the method of embedding an image. *Hunley*, 73 F.4th at 1070.

Recognizing that our court overrules controlling precedent only in en banc proceedings, McGucken has moved for an initial hearing en banc. An initial hearing en banc is justified only when (1) en banc consideration is necessary to secure or maintain uniformity of the court's decisions, or (2) the proceeding involves a question of exceptional importance. Fed. R. App. P. 35(a). McGucken has failed to satisfy these criteria.

We **AFFIRM** the district court's Rule 12(b)(6) dismissal and **DENY** the appellant's motion for an initial hearing en banc. (Dkt. 9).